Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
RABI YOUSSOFI

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RABI YOUSSOFI | ) | Case No. **'14CV3032 W    MDD** |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT FOR DAMAGES** |
| LEGAL RECOVERY LAW OFFICES, INC.; PORTFOLIO RECOVERY ASSOCIATES, LLC; and DOES 1 through 25 | ) | |
| Defendants. | ) | |

Plaintiff RABI YOUSSOFI alleges as follows:

# I.
# INTRODUCTION

1. Plaintiff RABI YOUSSOFI (hereinafter referred to as "Plaintiff"), brings this lawsuit against LEGAL RECOVERY LAW OFFICES, INC. ("LRL"), PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") and DOES 1 through 25

(sometimes collectively referred to as "Defendants"), for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collections Practice Act ("RFDCPA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA"). Accordingly, Plaintiff brings this action and seeks civil penalties, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## II.
## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a consumer as defined by 15 U.S.C. section 1692a(3) and a debtor as that term is defined by California Civil Code section 1788.2(h).

4. Plaintiff is informed and believes, and thereupon alleges, that LRL is, and at all times mentioned herein was a, limited liability company, who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes, and thereupon alleges, that LRL is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

6. Plaintiff is informed and believes that PRA is and at all times mentioned herein was, a limited liability company, who was conducting and engaging in business in the County of San Diego, California.

7. Plaintiff is informed and believes, and thereupon alleges, that PRA is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

8. All Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

9. All Defendants attempted to collect a consumer debt as defined under the FDCPA and RFDCPA.

10. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 25, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

11. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions

hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

12. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

13. This action arises out of Defendants' violations of the FDCPA, RFDCPA, and CCRAA. Because Defendants do business within the State of California, county of San Diego, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

15. On or about May 14, 2013, Defendants mailed out their first collection letter, demanding $1,125.24. The debt was allegedly owed to HSBC Bank Nevada, N.A. Plaintiff currently takes no position as to the validity of this alleged debt.

16. On or about June 11, 2013, Plaintiff sent a letter to Defendants <u>disputing the alleged debt</u> and asking for a verification of the debt.

17. On or about June 18, 2013, Defendants acknowledged receiving Plaintiff's June 11, 2013 letter and indicated that the amount due is correct. Defendants' letter did not include any other information such as a statement or breakdown of charges.

18. On or about November 30, 2013, Defendants sent out another collection letter, demanding $1,306.24.

19. On or about December 5, 2013, Plaintiff's counsel sent out a letter to Defendants <u>disputing the alleged debt</u> and asking for a verification of the alleged debt.

20. On or about January 6, 2014, Plaintiff obtain his credit report from Transunion and Experian. The Transunion credit report indicated that Defendants reported the debt to Transunion on December 6, 2013, but failed to report that the debt was disputed. The Experian credit report indicated that Defendants reported the debt to Experian in January 2014, but also failed to report that the debt was disputed. Despite the fact that Plaintiff had disputed the debt twice (June 11, 2013 and December 5, 2013), Defendants failed to report that the debt was disputed.

## V.
## FIRST CAUSE OF ACTION
**(Violation of the FDCPA Against All Defendants)**

21. Plaintiff re-alleges paragraphs 1 through 20, above, as if fully set forth herein.

22. Defendants violated the FDCPA by violating 15 U.S.C. sections 1692e(8) and 1692e(10).

23. Pursuant to 15 U.S.C. section 1692e(8), a debt collector cannot communicate or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

24. Defendants violated 15 U.S.C. section 1692e(8) because they failed to communicate to the credit bureaus that Plaintiff's debt was disputed, after Plaintiff and his counsel informed them on several occasions that Plaintiff was disputing the debt.

25. Defendants violated 15 U.S.C. section 1692e(10) because they violated sections 1692e(8).

26. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A) and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VI.
## SECOND CAUSE OF ACTION
### (Violation of the RFDCPA against All Defendants)

27. Plaintiffs re-allege paragraphs 1 through 26, above, as if fully set forth herein.

28. California Civil Code section 1788.17 requires that Defendants comply with the provisions of 15 U.S.C. sections 1692e(8) and 1692e(10).

29. Defendants violated the RFDCPA because the forgoing violations of 15 U.S.C. sections 1692e(8) and 1692e(10) by Defendants resulted in separate violations of California Civil Code section 1788.17.

30. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VII.
## THIRD CAUSE OF ACTION
### (Violations of the CCRAA against all Defendants)

31. Plaintiff re-alleges paragraphs 1 through 30, above, as if fully set forth herein.

32. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

33. Defendants violated the CCRAA by violating California Civil Code section 1785.25(a) because they furnished and continue to furnish to a consumer credit reporting agency that Plaintiff owed a debt to them, despite the fact that the alleged debt and/or claim was disputed. Defendants were informed by Plaintiff and again by Plaintiff's counsel in writing that Plaintiff disputed the debt. Defendants knew or should have known that the information they provided to the consumer credit reporting agency was incomplete or inaccurate.

34.     As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.33(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED: December 30, 2014              **MASHIRI LAW FIRM**
                                       A Professional Corporation

                                       By: /s/ Alex Asil Mashiri
                                           Alex Asil Mashiri
                                           Attorney for Plaintiff,
                                           RABI YOUSSOFI